UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RYAN O. GITTENS, | ) | CASE NO. 4:09 CV1422 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is *pro se* petitioner Ryan O. Gittens's habeas petition filed pursuant to 28 U.S.C. § 2241. Mr. Gittens is currently in prison at the Northeast Ohio Correctional Center in Youngstown, Ohio (N.E.O.C.C.) He names the Bureau of Prison and N.E.O.C.C. Warden Roddy Rushing as respondents. Claiming he is being held at N.E.O.C.C. based on his nationality, petitioner seeks immediate transfer to a prison in the New York/New Jersey area.

## *Background*

Mr. Gittens is serving a 63 month sentence imposed by the United States District Court of Idaho in 2007. After sentencing, he was originally housed at the Correctional Institute Moshannon Valley in Philipsburg, Pennsylvania. He was informed he could not remain at Moshannon because he is not a United States citizen and is a deportable alien. Staff informed Mr.

Gittens he would need to be sent to a private facility.

On July 7, 2009, petitioner was transferred to N.E.O.C.C. It is this transfer he now challenges. Petitioner protests his placement in a private facility. He argues that only foreign nationals are being housed at N.E.O.C.C. He believes, however, 18 U.S.C. §4001 limits the imprisonment in private prisons to prisoners sentenced under the D.C. Code. Mr. Gittens notes he was convicted in the District Court of Idaho and is, thus, not eligible for placement in a private prison.

### *Standard of Review*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" 28 U.S.C. § 2243 (emphasis added).

### *Prison Transfer*

Based on an initial review of the petition, petitioner is not entitled to an award of the writ. The location where a federal inmate is imprisoned is governed by section § 3621(b) of United States Code Title 18. The statute sets forth the criteria which the BOP must consider in making a determination as to where an inmate will serve his federal sentence. It provides, in relevant part:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;

> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. §3621(b)(emphasis added).  Thus, the Bureau of Prisons has broad discretion when housing prisoners.  A prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

A review of 18 U.S.C. § 4001 fails to reveal a basis upon which Mr. Gittens may obtain relief.  The statute, which addresses limitations on detention and the control of prisons, does not mandate any limitation on the placement of prisoners in private prisons.  *See* 18 U.S.C. § 4001

("No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.")

### *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. §2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/13/09